# In the United States Court of Federal Claims

Nos. 03-2754T and 06-40T

(Filed: January 10, 2007)
UNPUBLISHED

| | |
|---|---|
| XO COMMUNICATIONS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | Federal Communications Excise Tax; Dial-Up Internet Access Service; 26 U.S.C. §§ 4251, 4252. |

*Anthony C. Gulotta*, Anderson & Gulotta, PC, Harrisburg, Pennsylvania, for Plaintiff.

*G. Robson Stewart*, with whom were *Eileen J. O'Connor*, Assistant Attorney General, *David Gustafson*, Acting Chief, and *Steven I. Frahm*, Assistant Chief, Tax Division, Court of Federal Claims Section, U.S. Department of Justice, Washington, DC, for Defendant.

## ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT

WHEELER, Judge.[1]

Plaintiff XO Communications, Inc. ("XO") is seeking a refund of approximately $1.2 million in federal communication excise taxes paid from October 1, 1998 through February 28, 2001 on dial-up access services to allow customers to connect to the internet. The issue is whether the dial-up access services constitute "local telephone services" covered by the Internal Revenue Code, 26 U.S.C. §§ 4251 and 4252. Pending before the Court are the parties' cross-motions for summary judgment. At the Court's request, the parties also have submitted supplemental briefs regarding (1) the burden of proof in a federal excise tax refund

[1] This case was transferred to Judge Thomas C. Wheeler on July 24, 2006, pursuant to Rule 40.1(b) of the Rules of the Court of Federal Claims.

case, and (2) the extent to which the Internal Revenue Service ("IRS") imposes a tax on internet access and related communications.

In a recent decision, our Court held on nearly identical facts that the term "local telephone services" in 26 U.S.C. §§ 4251 and 4252 applies to some dial-up internet access lines, but not to others. USA Choice Internet Service, LLC v. United States, 73 Fed. Cl. 780 (2006) (Lettow, J.). Essentially, the Court ruled that if the dial-up access service could be used for telephonic quality two-way communications, the excise tax in 26 U.S.C. § 4251 would apply. If the dial-up access service provided only one-way communication, or could be classified as "toll telephone service" or "private communication service" under 26 U.S.C. § 4252(a), the excise tax would not apply. Id. at 790, 795, 802.

The Court finds the USA Choice decision to be well-reasoned and persuasive authority for the issues presented here. However, the present case is not well suited for disposition by summary judgment. Unless the parties can agree, a trial will be necessary to determine the types of dial-up access services employed by Plaintiff, and the amount of the excise tax to be refunded to Plaintiff. In accordance with USA Choice, the only taxable services under 26 U.S.C. § 4251 are those involving communication lines that could be used for telephonic quality two-way service.

The Court notes that Plaintiff's network for dial-up access during the years in question was much larger than the network involved in USA Choice. Plaintiff employed a nationwide network operating in many major cities, whereas the plaintiff in USA Choice operated a regional network in western Pennsylvania. The Court anticipates that a significant effort may be necessary to identify the types of dial-up access services utilized and the amount of excise taxes attributable to any telephonic quality two-way service. For that reason, the Court will afford the parties until May 4, 2007 to conduct their examination of records and report back to the Court. The parties also may indicate any facts or reasons why they believe the USA Choice decision may not be dispositive of this case. With the guidance provided in this Order, the parties are encouraged to explore the voluntary resolution of this matter, or to simplify the issues requiring trial.

Accordingly, Plaintiff's November 12, 2004 Motion for Summary Judgment and Defendant's May 11, 2005 Cross-Motion for Partial Summary Judgment are DENIED. The parties shall file a Joint Status Report on or before May 4, 2007 indicating the extent to which disputed issues of fact remain. Thereafter, the matter will be set for trial.

IT IS SO ORDERED.

s/Thomas C. Wheeler
THOMAS C. WHEELER
Judge